## Wisniewski *v.* Wisniewski (et al., Appellants).

Argued December 5, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Francis I. Farley,* with him *John F. Burgess,* for appellants.

*Herman J. Tahl,* for appellee.

PER CURIAM, January 7, 1935:

Plaintiff's bill asked to have declared void for fraud a deed dated March 21, 1932, in which she joined with her husband, one of the defendants, in conveying to Veronica Anna Kozbil the premises at No. 4429 Fleming Street, Philadelphia. The court below entered a decree in her favor. The chancellor found the following facts: On October 27, 1924, plaintiff and her husband purchased the premises in controversy as tenants by the entireties, and lived together in the property harmoniously until July, 1928, at which time her husband became interested in Anna Veronica Kozbil, wife of Victor Kozbil, both of whom are defendants herein. From that time plaintiff was so abused and mistreated by her husband that in March, 1932, she was obliged to withdraw from their home. Wisniewski later agreed to pay her the sum of $740 in lieu of maintenance and support; this proposition she accepted, received the money, gave her husband her judgment note for the amount, with him and their daughter visited the office of a real estate agent, "and there affixed her mark to a paper represented to her to be an agreement waiving her right to his support and maintenance." This paper, it later developed, was in fact a deed by her husband and herself conveying the Fleming Street property to the defendant Veronica Anna Kozbil. Plaintiff is an illiterate Polish woman unable to understand or speak the English language and was informed falsely by her daughter, Anna Pultorak, as to the contents of the paper she signed. Plaintiff received no consideration from Mrs. Kozbil for her interest in the property.

Appellants argue the evidence is insufficient to sustain the findings of the chancellor. In this contention, after making a full and careful examination of the record, we do not agree. While the evidence bearing on the main question for determination here, namely, the terms of the agreement between Wisniewski and his wife relating to their separation, is conflicting, the testimony of the only

disinterested witness familiar with the Polish language (and his credibility is not questioned) clearly shows that Wisniewski "wanted her [his wife] to leave the home and he wanted to give her this money [$740] so she could take care of herself," and further, that no mention was made, at the time the agreement was prepared at their home at Wisniewski's dictation, with reference to selling the Fleming Street property to Mrs. Kozbil or any other person. The testimony of the notary public and other disinterested witnesses touching this question was of little aid, as they were unfamiliar with the Polish language, and practically the entire conversation in their presence was carried on in Polish, the daughter, Anna Pultorak, acting as interpreter. In his discussion of the evidence, the chancellor, who saw and heard the witnesses, says:

"Judging by their appearances and from what has taken place, no doubt plaintiff and her husband are better off separated, but the separation should have been arranged fairly and equitably, not by fraud and false representations. The husband's testimony was not convincing. Although it was corroborated in part by that of the children, they agreed with their mother that the source of the trouble was the defendant, Veronica Anna Kozbil. Their remaining and siding with their father is obviously due to the fact that he retained the home and has the money. The oldest one, Anna Pultorak, had no hesitancy in branding her mother as a liar, and for a daughter to testify so brazenly, indicates the type [of] person she is. I have no doubt and, therefore, I find the fact to be, that she falsely interpreted the notary public's explanations and statements of the contents of the agreement of sale and the deed. She, and not the defendants, sat at the counsel table during the trial, and advised and consulted with their counsel, so that the inference is clear that she was in the scheme to defraud her mother. That she said she was still on friendly terms with her indicates her hypocrisy."

The evidence is amply sufficient to sustain the finding of the chancellor and his decree declaring void the deed to Mrs. Kozbil for the property, No. 4429 Fleming Street, dated March 21, 1932, recorded in Deed Book J. M. H. No. 3485, and directing its cancellation by the recorder.

The decree is affirmed at defendants' costs.